UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY INS. CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:03CV00711 ERW |
| RECYCLING RESOURCES et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff American Equity Insurance Company's Motion for Bill of Costs [doc. #70]. Defendants Clean Burn, Inc. and Holliday Oil Company have filed objections to Plaintiff's Bill of Costs.

In Defendant's Motion for Bill of Costs, it requests that the Court tax costs against Defendants, pursuant to 28 U.S.C. § 1920. "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs not authorized by § 1920 because § 1920 "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781,

1

782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Plaintiff requests the following costs: (1) $150.00 for the cost of the filing fee in this case; (2) $135.00 for the cost of the attempted service of summons to "GPJ, Inc., Mr. Gene Poland," made by Eulberg & Associates; (3) $161.70 for the cost of the service of summons to Gillis Werner, made by Legal Services; (4) $195.00 for the cost of the service of summons to Tammy Keen, Floyd Holliday, and Paul Simon, Jr., made by Eulberg & Associates; and (5) $76.00 for the cost of a copy of the deposition transcript of Kenneth Sommers from Keefe Reporting Company. Defendants object to the costs for the service of summons and the cost for the deposition transcript of Kenneth Sommers.[1]

### A. Fees for Service of Summons

Defendant seeks $491.70 in summons fees.[2] These fees were paid to Eulberg & Associates, Inc. and Legal Services, both being private process servers. The Eighth Circuit has determined that

---

[1]The Court notes that Defendants Clean Burn and Holliday Oil Company also objected to Plaintiff's entire Bill of Costs on the ground that it improperly fails to include the affidavit required by 28 U.S.C. § 1924. Section 1924 requires that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." In its Reply, Plaintiff acknowledged that it had failed to include the requisite affidavit with its initial Bill of Costs. Plaintiff attached the missing affidavit to its Reply. Thus, the Court is satisfied that Plaintiff has met the requirements of § 1924, and the Court will not reject Plaintiff's entire Bill of Costs as urged by Defendants.

[2]Plaintiff's Motion states that it seeks $491.70 in summons fees. However, Plaintiff's affidavit filed as an attachment to its Reply, *see* note 1, *supra*, states that Plaintiff seeks $330.00 in summons fees. This discrepancy is of no consequence, however, because Plaintiff is not entitled to recover any of the costs associated with private process servers.

2

costs associated with special process servers should not be taxed to a prevailing party because 28 U.S.C. § 1920 makes no provision for such costs. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).[3] Therefore, the Court will deny Plaintiff's request that the $491.70 in summons fees be taxed to Defendants.

B. Fees of the Court Reporter

Plaintiff requests $76.00 for the cost of obtaining a copy of Kenneth Sommer's deposition. Plaintiff states that this deposition was necessarily obtained for use in the case because Defendant Tammy Keen introduced the deposition as Exhibit 7 in support of her Motion to Dismiss or Stay.

Section 1920 provides for the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This language embraces both deposition transcripts and trial transcripts. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The deposition must have been reasonably necessary or expected to be used at trial. *Emmenegger v. Gull Moose Tube Co.*, 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been 'necessarily obtained for the use in the case' within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1992).

Defendant Keen introduced a portion of the deposition as part of her Motion to Dismiss or Stay. It was reasonable for Plaintiff to obtain a copy of the deposition in order to respond to

---

[3]In its Reply, Plaintiff acknowledges that, in *Crues v. KFC Corporation*, the Eighth Circuit denied costs attributable to private process servers. Plaintiff states that other circuits have found that § 1920 does allow for costs attributable to private process servers to be taxed. Plaintiff requests that this Court follow the reasoning of these other circuits. The Court, however, must decline Plaintiff's invitation because the Court is bound by Eighth Circuit law.

Defendant Keen's Motion. Because none of the other defendants introduced or relied upon the deposition, the Court finds that the cost of the deposition should not be taxed against any defendant other than Defendant Keen. Therefore, the Court will tax $76.00 in favor of Plaintiff and against Defendant Keen.

    C.    <u>Filing Fee</u>

Plaintiff requests $150.00 for the filing fee in this case. Defendants have not objected to this request. Filing fees are fees of the clerk and are authorized by § 1920. *See* 28 U.S.C. § 1920(1); *Nat'l Truck Equipment Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972 F.2d 669, 674 (6th Cir. 1992). The Court will tax the $150.00 filing fee in favor of Plaintiff and against all of the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff American Equity Insurance Company's Motion for Bill of Costs [doc. #70] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $76.00 against Defendant Tammy Keen and in favor of Plaintiff American Equity Insurance Company for fees of the court reporter. The Clerk of the Court shall tax $37.50[4] against each of the following defendants and in favor of Plaintiff American Equity Insurance Company for fees of the clerk: Recycling Resources, Clean Burn, Inc., Holliday Oil Company, and Tammy Keen.

Dated this <u>27th</u> day of July, 2005.

                                                      E. RICHARD WEBBER
                                                      UNITED STATES DISTRICT JUDGE

---

[4]This number represents each defendant's equal share of the $150.00 filing fee.